**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80308-CIV-CANNON/McCabe**

**MICHAEL TENNENBAUM**,

      Plaintiff,

v.


**AIRCRAFT TRANSPORT SERVICES, INC.**

      Defendant.

                                     /

**ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND SCHEDULING EVIDENTIARY HEARING**

      **THIS CAUSE** comes before the Court upon two emergency motions filed by Plaintiff: a Motion for a Writ of Replevin [ECF No. 5] and a Motion for a Temporary Restraining Order [ECF No. 6]. Both Motions concern alleged unlawful activity by Defendant in connection with Plaintiff's airplane currently located in Arizona. The Court has considered the Motions and the attached documents thereto [ECF Nos. 5-1 through 5-6; ECF Nos. 6-1 through 6-7]. For the reasons stated below, Plaintiff's Motion for a Temporary Restraining Order ("TRO") [ECF No. 6] is **GRANTED**; Plaintiff's Emergency Motion for a Writ of Replevin [ECF No. 5] is hereby **HELD IN ABEYANCE**; and an evidentiary hearing is scheduled on **March 27, 2026, at 10:00 AM**.

***

      This case arises from Defendant's alleged breach of its agreement to lease Plaintiff's airplane—a Gulfstream Aerospace model G-V jet aircraft. Plaintiff is a California citizen; Defendant is a Florida citizen; and the plane is currently located in Arizona [ECF No. 4 p. 2; ECF No. 6 p. 6].

Under the terms of the parties' lease agreement, Defendant was authorized to use the plane for up to 60 hours each month, in exchange for paying Plaintiff monthly rent and fulfilling several third-party maintenance obligations [ECF No. 6-5].[1]  The parties seem to have operated under this agreement without issue for over a year; but in December 2025 and January 2026, Defendant was late on rent [ECF No. 6-1 pp. 1–2].  Then, in February and March 2026, Defendant missed rent payments entirely and also fell behind on its maintenance obligations to at least one third party [ECF No. 6-1 pp. 1–2].  On March 12, 2026, following Defendant's defaults, and pursuant to Paragraph 14(A) of the parties' lease agreement, Plaintiff notified Defendant that its failure to pay the mandatory rent and maintenance costs meant that the agreement was "deemed terminated" [ECF No. 6-6] and requested that Defendant "immediately return the Aircraft" pursuant to its obligations under the lease [ECF No. 6-5 p. 5].  Thereafter, Plaintiff found out—through an agent who visited the hanger where the plane was grounded—that numerous parts were missing from the aircraft and that Defendant appeared to be conducting unauthorized maintenance in the tail compartment of the plane [ECF No. 6-2 pp. 1–3].  When Plaintiff's agent asked to see the maintenance records and flight logs, Defendant refused to provide them [ECF No. 6-2 pp. 1–3].  Plaintiff also found out, through another agent, that Defendant had transferred many of the parts on Plaintiff's plane to a different aircraft, without Plaintiff's permission [6-3 pp. 1–3].

Plaintiff now seeks a prejudgment Writ of Replevin under Fla. Stat. § 78.068, requesting that the Court command the seizure and delivery to Plaintiff of the aircraft and all of its parts (whether removed by Defendant or not), as well as all of the pertinent maintenance records, flight logs, and any other documents or records associated with the Aircraft [ECF No. 5].  Additionally,

---

[1] The lease agreement contains a provision directing that all disputes arising out of or relating to the lease shall be litigated exclusively in the Southern District of Florida and/or Palm Beach County state court [ECF No. 6-5 p. 5].

Plaintiff moves for a Temporary Restraining Order under Federal Rule of Civil Procedure 65(b), asking the Court to prevent Defendant from continuing to disassemble the aircraft; from moving or relocating it; from concealing it; and/or from further operating it while this litigation is pending [ECF No. 6].

## LEGAL STANDARDS

### *Emergency Temporary Restraining Orders*

There are procedural and substantive requirements that a movant must satisfy to be granted a temporary restraining order in federal court.  Under Federal Rule of Civil Procedure 65(b), a temporary restraining order may be issued without notice to the affected parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and only if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A)–(B).

Once the procedural requirements of Rule 65(b) are satisfied, a party seeking a preliminary injunction or TRO must show: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).  "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."  *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)

(quoting *Canal Authority v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974)).  Temporary restraining orders "are meant to preserve the status quo until a preliminary-injunction hearing is held."  *Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1209 (11th Cir. 2021).

## DISCUSSION

The Court limits consideration to Plaintiff's Motion for a Temporary Restraining Order [ECF No. 6], electing to leave Plaintiff's Motion for Writ of Replevin [ECF No. 5] for consideration at the forthcoming Motion hearing.  Upon review of Plaintiff's Motion for a Temporary Restraining Order [ECF No. 6] and the supporting documents, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Emergency Motion for a Temporary Restraining Order [ECF No. 6] is **GRANTED**.

    a. The Court concludes that Plaintiff has complied with all aspects of Local Rule 7.1(d) as it pertains to requesting emergency relief.  S.D. Fla. L. R. 7.1(d).  Specifically, Plaintiff has certified that this matter presents a "true emergency" and has explained his basis for seeking emergency relief [ECF No. 6 p. 15].

    b. The Court finds that Plaintiff has sufficiently carried his burden to show that notice to Defendant is not required under the circumstances.  *See* Fed. R. Civ. P. 65(b).  As Plaintiff competently explains, and as supported by a sworn declaration recounting the personal observations of Plaintiff's agent [ECF No. 6-2], "[a]llowing time to notify Defendant would result in Defendant having time to continue its pattern of damaging, modifying, and concealing the Aircraft, its parts, and associate records" [ECF No. 6 p. 13].  Consistent with the irreparable injury analysis below, the Court

finds a sufficient basis to proceed without notice for purposes of the temporary relief granted herein. *See* Fed. R. Civ. P. 65(b).

c.  The Court finds Plaintiff likely to succeed on the merits of his breach of contract claim (Count I). This conclusion flows from: (1) Defendant's apparent failure to make payments required under the lease [*see* ECF No. 6-1 pp. 1–3], (2) the lease language that any such failure to make payments requires Defendant to "immediately return the Aircraft" [ECF No. 6-5 p. 5], and (3) the fact that Defendant has not returned the aircraft despite its failure to pay under the lease agreement [ECF No. 6-1].

d.  Subject to reevaluation upon a more fulsome record, the Court finds that Plaintiff will be irreparably harmed in the absence of a TRO. Defendant has already (1) removed parts from the Aircraft without Plaintiff's consent [ECF No. 6-2]; (2) sent some of those parts for installation on another aircraft [ECF No. 6-3]; (3) and refused to provide Plaintiff or his agents with logbooks and records as required under the lease agreement [ECF No. 6-5]. Defendant also intends to continue doing maintenance on the aircraft, even after Plaintiff has demanded all such activities cease [ECF No. 6-4 pp. 4–5 ("Please be advised that [Defendant] has parts on order for installation on the Aircraft.")].

e.  The Court finds that without a TRO, Defendant is likely to continue unauthorized removal and dispersal of aircraft components to other aircraft, and/or further conceal, transfer, encumber, or otherwise place the Aircraft, its components, or the flight/maintenance logs beyond the reach of this Court.

f.   As far as the balance of harms, in contrast to Plaintiff's likely irreparable injury outlined above, Defendant is unlikely to suffer any deprivation from a TRO. Defendant is presently unable to use the Aircraft because it is grounded and will suffer no harm by being required to cease work on the aircraft and preserve the flight/maintenance records until this Court is able to further determine the parties' rights and responsibilities arising out of the lease agreement.

g.   Finally, the Court finds that the public interest is served by an injunction because an injunction (1) preserves the parties' contractual rights; and (2) preserves the maintenance records which will potentially bear on the airworthiness of an aircraft that will carry passengers in the future.

2.   In accordance with the above, it is hereby **ORDERED** that Defendant is **TEMPORARILY RESTRAINED AND ENJOINED FROM**:

a.   Removing, detaching, disassembling, cannibalizing, or otherwise separating any part, component, engine, avionics unit, equipment, or system from the Aircraft;

b.   Performing any maintenance, repair, alteration, modification, or work of any kind on the Aircraft or any of its parts or components without the prior written consent of Plaintiff or further order of this Court;

c.   Moving, relocating, transferring, or removing the Aircraft from its current location at ATS's hangar at Mesa Gateway Airport, Mesa, Arizona, without the prior written consent of Plaintiff or further order of this Court;

d.   Transferring, selling, pledging, leasing, encumbering, or otherwise disposing of the Aircraft, any of its parts or components, or any interest therein to any third party;

e.   Concealing, secreting, or hiding the Aircraft or any of its parts or components;

    f.   Damaging, destroying, defacing, or otherwise causing harm to the Aircraft or any of its parts or components;

    g.   Operating the Aircraft or any of its engines for any purpose;

    h.   Destroying, altering, deleting, defacing, concealing, removing, relocating, or otherwise tampering with any and all logbooks, maintenance records, flight logs, inspection records, work orders, parts tags, shipping records, invoices, correspondence, photographs, electronic data, and any other documents or records of any kind, whether in paper or electronic form, relating to the Aircraft, including but not limited to:

        1.   Aircraft maintenance logbooks and records;

        2.   Engine logbooks and records for both engines;

        3.   Auxiliary power unit logbooks and records;

        4.   Flight logs and operations records;

        5.   Parts removal and installation records, including any records relating to parts transferred to aircraft N585D or any other aircraft;

        6.   Rolls-Royce Corporate Care program records and correspondence;

        7.   Honeywell maintenance program records and correspondence; and

        8.   Any and all other documents, communications, or data relating to the Aircraft, its condition, maintenance, operation, or components.

3.   It is hereby **ORDERED** that Defendant shall, upon service of this Order grant Plaintiff and Plaintiff's designated agents, including personnel from Aerospec International, Inc., full and unrestricted access to:

    a.   The Aircraft and the hangar or facility in which it is located;

b. All logbooks, maintenance records, flight logs, and other documents associated with the Aircraft; and

c. Any parts or components that have been removed from the Aircraft, wherever located.

4. It is further **ORDERED** that Defendant shall, within forty-eight (48) hours of service of this Order, provide Plaintiff with a complete, sworn inventory identifying:

a. All parts and components that have been removed from the Aircraft, including a description of each part, its part number and serial number (if applicable), the date of removal, and its current location; and

b. All logbooks, maintenance records, flight logs, and other documents associated with the Aircraft that are in Defendant's possession, custody, or control, and their current location.

5. The Court exercises its discretion in this case not to require Plaintiff to post a bond under Rule 65(c) but will address the matter of bond for purposes of any continued injunctive relief or replevin.  *See, e.g.*, *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

6. Pursuant to Rule 65(b)(2), this Order shall expire at **12:01 a.m. on April 4**, **2026**, unless before that time the Court, for good cause, extends it for a like period or Defendant consents to a longer extension.  *See* Fed. R. Civ. P. 65(b)(2).

7. The parties shall appear before the Court for an in-person evidentiary hearing on **March 27, 2026, at 10:00 A.M.**  The parties shall come prepared to address any request for a preliminary injunction and Plaintiff's Emergency Motion for a Writ of Replevin [ECF No. 5].

8. **At least 24 hours before the hearing, Plaintiff shall take all practical efforts to engage in MEANINGFUL CONFERRAL with Defendant regarding the relief sought and any other matters bearing on this case**.

9. **DEFENDANT IS ON NOTICE THAT FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE IMPOSITION OF A PRELIMINARY INJUNCTION AGAINST IT.  *SEE* FED. R. CIV. P. 65**.

10. **<u>On or before March 24, 2026, Plaintiff shall take all reasonable steps to provide all affected parties, including Defendant, with a copy of this Order</u>**.  Plaintiff shall thereafter file a Notice on the docket apprising the Court of such efforts, no later than **March 24, 2026**, including any relevant information about the mechanics of effectuating this Order.

11. Any additional briefing, exhibits, or declarations from either party regarding Plaintiff's request for injunctive relief and/or replevin is due on or before **March 26**, **2026**.

12. Nothing in this Order shall be construed to prohibit the Court or the parties from extending the duration of the Order pursuant to Federal Rule of Civil Procedure 65(b)(2).

**ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of March 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record