**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No. 9:26-cv-80308-AMC

MICHAEL TENNENBAUM,

     Plaintiff,

v.

AIRCRAFT TRANSPORT
SERVICES, INC.,

     Defendant.

_____/

**PLAINTIFF'S NOTICE OF COMPLIANCE WITH CONFERRAL
REQUIREMENT AND PARTIAL RESOLUTION OF ISSUES**

Plaintiff Michael Tennenbaum files this Notice of Compliance with the Court's March 23, 2026, Order [ECF 7].  In paragraph 8 of that Order, the Court ordered Plaintiff to "engage in MEANINGFUL CONFERRAL with the Defendant regarding relief sought and any other matters bearing on this case."  [*Id.* at 9.] Plaintiff served the Order on Defendant's registered agent. [ECF 8.]  Plaintiff also emailed the Order to Mr. Goldstein, an attorney who represented ATS in response to Plaintiff's original demand for return of the Aircraft.  Following service of the Order, Defendant has (1) returned the Aircraft, some of the removed parts, and some of the associated records; and (2) stipulated to the appropriateness of entry of an

Order for Replevin.   A more detailed explanation of the issues resolved and outstanding follows.

**A.      Defendant returned the Aircraft and some, but not all, of the parts and records.**

On March 24, Plaintiff received an email from Mr. Goldstein stating, "**The aircraft and its records may be retrieved today from ATS at your convenience.  The aircraft is not in an airworthy condition. Please bring a tractor to move the aircraft. All rights are reserved.**"  A copy of that email is attached as Exhibit A.

Immediately following receipt of Mr. Goldstein's email, Plaintiff's agent, Steve Villani of Aerospec International, Inc., made arrangements for the Aircraft to be transported to a secure Gulfstream facility.  At approximately 3 pm local time in Mesa, Arizona, Plaintiff's agents moved the Aircraft from Defendant's hangar to the secure Gulfstream facility.  Plaintiff also recovered some of the removed parts and some of the records.  Plaintiff arranged to secure additional parts the following day. However, Aerospec did not receive historical records related to the Aircraft and has not been able to verify that all parts have been returned.

Plaintiff's agents are currently inspecting the Aircraft, received parts, and received records.  Until this inspection is complete, Plaintiff cannot conclusively determine the extent of his property still retained by Defendant.  Plaintiff expects to complete the inspection by April 3.

**B.     Defendant stipulated to the appropriateness of entry of an Order for Replevin.**

Following the return of the Aircraft, Plaintiff emailed Mr. Goldstein and asked if he would stipulate to the proposed order attached to the Motion for Replevin [ECF 5-6].  Mr. Goldstein agreed and agreed that $10,000 constituted an appropriate bond amount.  A copy of that communication is attached as Exhibit B.  Accordingly, the Parties agree that it is appropriate for this Court to enter the proposed order on the Motion for Replevin with a bond amount of $10,000.

**C.     Remaining Issues**

Plaintiff filed a Motion to Allow Remote Witness Testimony [ECF 9]. Defendant has not taken a position on this Motion.  However, in light of the agreement on the issue of replevin, should the Court cancel or continue the hearing set for March 27, 2026, Plaintiff's Motion to allow Remote Witness Testimony would be moot.

Plaintiff also notes that, although as of this filing the issue is not ripe, he has not received the inventory required under the Order [ECF 7 ¶ 4].

Finally, Plaintiff  requires the continued protection of the Temporary Restraining Order entered by this Court [ECF 7].  As discussed above, Plaintiff is currently inspecting the Aircraft, parts, and records in his possession to determine what is missing.  Plaintiff believes that he can complete this inspection prior to the expiration of the TRO on April 4, 2026, at 12:01 am.  If, however, unexpected

circumstances arise, Plaintiff may need to move the Court for an extension of the

TRO to allow him to complete the inspection.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**
*Counsel for Plaintiff Michael Tennenbaum*
401 E. Jackson Street
Suite 3400
Tampa, FL 33602
813-739-1900

*/s/ David S. Hendrix*
David S. Hendrix
Florida Bar No. 827053
david.hendrix@lewisbrisbois.com
fiona.johnson@lewisbrisbois.com
Christopher White
Florida Bar No. 1022219
J. Jay Thornton
Florida Bar No. 323070
jay.thornton@lewisbrisbois.com
Maximilien Palenzuela
Florida Bar No. 1031444
Max.palenzuela@lewisbrisbois.com